**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                          Case No. 99-CR-80425-DT-02
                                           Case No. 04-CV-71270-DT

ANTHONY MAZZIO,

    Defendant.
                                               /

**ORDER DENYING DEFENDANT'S "MOTION TO AMEND § 2255 PLEADINGS PURSUANT TO FED. R. OF CIV. P. 15(c)(1)" AND "MOTION TO AMEND MOTION TO VACATE"**

Pending before the court is Defendant Anthony Mazzio's *pro se* June 8, 2004 "Motion to Amend § 2255 Pleadings Pursuant to Fed. R. Civ. P. 15(c)(1)." Plaintiff United States of America filed its response to Defendant's motion on September 2, 2005. On November 28, 2005, after having secured counsel, Defendant, through counsel, filed a "Motion to Amend Motion to Vacate" and on January 5, 2006, Plaintiff filed its "Response to Petitioner's Motion to Amend Motion to Vacate." For the reasons stated below, the court will deny Defendant's "Motion to Amend § 2255 Pleadings Pursuant to Fed. R. Civ. P. 15(c)(1)" and "Motion to Amend Motion to Vacate."

**I. BACKGROUND**

On May 6, 1999, Defendant was charged in an indictment in the Eastern District of Michigan with conspiracy to possess with intent to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841. On November 19, 1999, after a three day jury trial, Defendant was convicted on both

counts. On February 29, 2000, the court sentenced Defendant to 240 months custody. On October 7, 2002, the Sixth Circuit affirmed his conviction and sentence. The United States Supreme Court denied his petition for writ of certiorari on April 29, 2003. On April 5, 2004, Defendant filed a habeas corpus motion pursuant to 28 U.S.C. § 2255 in this court, alleging that he was denied effective assistance of counsel. On June 8, 2004, following the expiration of the one-year statute of limitations under § 2255, Defendant filed a "Motion to Amend § 2255 Pleadings Pursuant to Fed. R. Civ. P. 15(c)," alleging constitutional violations that arose from his trial counsel's representation during his trial. On June 28, 2004, the court transferred Defendant's "Motion to Amend § 2255 Pleadings Pursuant to Fed. R. Civ. P. 15(c)" to the Sixth Circuit as a successive § 2255 motion, which the Circuit court later dismissed for lack of prosecution. In a February 4, 2005 order, the Sixth Circuit remanded the matter to this court to consider whether the June 8, 2004 pleading should be decided on its merits as an amended petition in light of *Felix v. Mayle*, 125 S.Ct. 2562 (2005).[1] This is the issue presently before the court.

---

[1] In its June 28, 2004 order, the court also stated that "Defendant's previous § 2255 proceeding, which raised only the issue of ineffective assistance of counsel, ha[d] been dismissed." (6/28/2004 Order at 1.) In its February 4, 2005 order, the Sixth Circuit informed the court that it "appears to have erred in stating that the petitioner's § 2255 action had been dismissed. . . . To the extent that district court rejected the motion to amend on that ground, such rejection was without a factual basis." Pursuant to the Sixth Circuit's order, the court will review Defendant's first habeas motion in a separate order.

## II.  STANDARD

"[P]leading amendments relate back to the date of the original pleading when the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'"  *Mayle v. Felix*, 125 S. Ct. 2562, 2570 (2005).  The United States Supreme Court has held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Id.* at 2566.

## III.  DISCUSSION

In his original habeas petition, filed on April 5, 2004, Defendant alleged that his "conviction was obtained and his sentence was imposed in violation of Defendant's constitutional rights to effective assistance of counsel."  (Def.'s 4/5/2004 Mot. at 1.)  More specifically, Defendant asserted that his trial counsel, Mr. Corbett O'Meara, was ineffective because he insisted on taking Defendant's case to trial for his own financial gain, contending that he could "beat the case at trial."  (*Id.* at 7.)  Defendant contended that counsel told him: "You had the same doubts about my professional capability when I told you I will get you out on pretrial bond, and I did, so have a little confident on me [sic], I will beat the case, trust me."  (*Id.* at 8.)  Defendant also alleged that during a brief jury recess in the trial, he told counsel "to stop the trial and ask the government for the 10-year plea or negotiate a new plea" and after Mr. Coop testified he again asked Mr. O'Meara to secure for him the 10 year plea deal or a new plea, and counsel responded with assurances that Defendant would be acquitted at trial.  (*Id.* at 8-9.)

In his "Motion to Amend § 2255 Pleadings Pursuant to Fed. R. Civ. P. 15(c),"

3

filed on June 8, 2004, Defendant alleges that he suffered a violation of the Sixth Amendment's Confrontation Clause. (Def.'s 6/8/2004 Mot. at 1.)  More specifically, Defendant contends that he was unconstitutionally denied the right to confront a witness in his criminal case.  (*Id*.)  Defendant states that "the AUSA Janice Terbush stipulated in the trial record that if 'Stacey Hunter' was called to testify, she would say that she provided [the] phones to this Defendant." (*Id*. at 7.)  Defendant claims that "at that time [he] immediately informed [Mr. O'Meara] . . . that [the] statement was inaccurate; however he refused to listen." (*Id*.)  He avers that he asked Mr. O'Meara "to call Stacey Hunter as a witness, but he refused."  (*Id*. at 8.)

In his November 28, 2005 "Motion to Amend Motion to Vacate," Defendant contends that the arguments in the second petition relate back to the original pleading because "the second petition alleges facts that show trial counsel avoiding time-consuming preparation and court time that would dilute the financial benefit he gained by proceeding to trial" which "grows directly out of the position taken in the first [petition] and merely shows how the financial conflict impacted the course of the trial." (11/28/2005 Mot. at 5-6.)  He claims that because "the facts pleaded in [Defendant's] first petition span the time from the eve of trial, when advice is given to reject the plea offer, through the trial itself" and in the second petition, Defendant "relies upon facts that occurred during the course of the trial," the two petitions are not "separated in time."  (*Id*. at 7.)  Defendant further maintains that his motions do not differ in "type," asserting that "the first petition claims trial counsel ignored [Defendant's] conclusion that he should accept the plea," and in the second petition "again, [Defendant] claims his requests to counsel are ignored, this time in regard to the stipulation of testimony by witness Stacey

4

Hunter." (*Id*. at 7-8.)  The court disagrees.

In Defendant's first motion, he claimed that his counsel was ineffective by ignoring Defendant's desire to enter a guilty plea and instead forcing Defendant to proceed to trial.  Defendant's claim that he did not want to go to trial but was forced to do so is unrelated to his counsel's decision to enter into a stipulation concerning a witness's testimony.

The court is guided chiefly by *Mayle* itself, which cautioned that "occurrence" should not be viewed "at too high a level of generality."  *Mayle*, 125 S.Ct. at 2573 (citation omitted).  In *Mayle,* the Defendant, Felix, argued unsuccessfully that because both the original petition and the amended pleading arose from the same trial and the same conviction, the latter "related" to the former.  The amended petition involved Felix's pretrial statements, while the original petition had focused upon certain videotaped witness testimony admitted at trial.  *Mayle,* 125 S. Ct. at 2567.  Only if viewed at an impermissibly high "level of generality," could it be argued that the two petitions were supported by facts that were not different in either time or type.  At the required level of specificity, the differences were apparent.

A very similar level of generality is offered in support of Defendant's relation-back argument.  The amended petition's ground is similar to the first only in the sense that both have to do with the conduct of defense counsel, but the first involved Defendant's pretrial decision (or, as he argues, his attorney's decision) to reject a negotiated plea and to demand a trial, while the amended petition concerns witness testimony, i.e., the stipulation in lieu of testimony, during the ensuing trial.

The *Mayle* Court provided in a footnote a few examples of amended petitions

that would reasonably be expected to relate back, including an original petition that alleged *Brady*[2] violations more generally and an amended petition that alleged a failure to disclose a particular report. The court noted that "[b]oth pleadings related to evidence obtained at the same time by the same police department." *Mayle,* 125 S. Ct. at 2574, n 7. The Court also approvingly cited an amended petition challenging a refusal to allow the defendant to prove that certain statements of his had been recanted as relating back to a petition challenging the admission of statements. *Id.* The Court further cited *Moore's Federal Practice* for the proposition that relation back is ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory." *Id.* (citing 3 James Wm. Moore et al., Moore's Federal Practice § 15.19(2), at 15-82 (3d ed. 2004)); *see also Earl X v. Morrow*, 156 Fed. Appx. 1, 2 (9th Cir. 2005) ("Petitioner's *Brady* claim and his initially filed ineffective assistance of counsel claims differ in 'time and type' and do not arise from a 'common core of operative facts.'"); *McLean v. United States,* 2005 WL 2172198, No. 04-13534, *2 (11th Cir. 2005) (reversing the district court where the court allowed a related-back claim even though the "precise issue was not fully articulated in any . . . prior pleadings" because petitioner had "complained throughout his pleadings that counsel did not adequately prepare for trial," and finding the district court "guilty of the 'high level of generality' the Supreme Court warned against in *Mayle,* as a plethora of potential claims regarding

---

[2] *Brady v. Maryland,* 373 U.S. 83 (1963).

pretrial and trial errors can fit under the umbrella of failure to adequately prepare for trial.").

This court can discern no significant difference between the unavailing facts proffered in *Mayle* and the facts asserted by Defendant. Indeed, a closer match on the facts is difficult to imagine.  The Supreme Court's determination in *Mayle* will be the court's determination in this case as well.  Defendant's new alleged violation of the Sixth Amendment constitutes a "new ground of relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle* at 2566.  The new claim therefore does not relate back to his original petition.

## IV.  CONCLUSION

IT IS ORDERED that Petitioner's Motion to Amend § 2255 Pleadings [Dkt. # 98] and "Motion to Amend Motion to Vacate" [Dkt. # 122] are DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2006, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\99-80425.MAZZIO.DenyingMotionsToAmend.wpd