**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA

    Plaintiff,                                     Case No. 99-CR-80425-DT-02
                                                            Case No. 04-CV-71270-DT

v.

ANTHONY MAZZIO,

    Defendant,
_____/

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

On March 31, 2006, Defendant filed a notice of appeal of this court's February 13, 2006 "Order Denying Defendant's 'Motion to Amend § 2255 Pleadings Pursuant to Fed. R. Civ. P. 15(c)(1)' and 'Motion to Amend Motion to Vacate.'" For the reasons stated below, the court will deny a certificate of appealability. On November 20, 2006, this court received an order from the Sixth Circuit remanding the above-captioned case for the sole purpose of determining whether to grant or deny a certificate of appealability.

**I. STANDARD OF REVIEW**

28 U.S.C. § 2253(c)(1)(B) and Federal Rule of Appellate Procedure 22(b) state that an appeal from a final order in a § 2255 proceeding may not be taken unless a certificate of appealability ("COA") is issued either by a circuit court or district court judge. If an appeal is taken by the petitioner, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not

1

issue. Fed. R. App. P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

In order to obtain a certificate of appealability, the petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* The petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition. *Id.* at 338. However, "the issuance of a COA must not be *pro forma* or a matter of course" and a petitioner who seeks the issuance of a COA must show more than the absence of frivolity or the presence of good faith on his or her part in order to obtain a COA. *Id.* at 337-38. Therefore, the mere fact that the petitioner claims that his appeal is not

frivolous and is being undertaken in good faith would not entitle him to a certificate of appealability. *Miller-El,* 537 U.S. at 338; *United States v. Mikels,* 236 F.3d 550, 551 (9th Cir. 2001); *Lohr v. United States,* 336 F. Supp. 2d 930, 932 (D. Minn. 2004).

When a federal district court denies a petition on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

## II. DISCUSSION

At the outset, the court doubts that Defendant has presented a final order to appeal, a necessary precondition for requesting a certificate of appealability. Because the court denied his motions to amend without reaching the merits of his original § 2255 petition, which is still pending, the court did not order a final disposition of the petition. At least two unpublished opinions from the Fourth Circuit, which admittedly do not constitute binding authority on this court, have held that the denial of a motion to amend a petition is not a final order nor an appealable interlocutory or collateral order. *Haymes v. Angelone*, 15 Fed App'x 175 (4th Cir. 2001) (regarding a § 2254 petition); *United States v. Moultry*, No. 99-6540, 1999 WL 418254 (4th Cir. 1999) (regarding a § 2255 petition). However, because the Sixth Circuit has specifically remanded this case, the

court will assume the finality of the order in question and turn to the merits of whether a certificate of appealability should issue.

The original petition rests on allegations of ineffective assistance of counsel due to the purported insistence of Defendant's counsel to pursue trial and to not accept or negotiate a plea during trial. Later, Defendant sought to include a claim of the violation of his Sixth Amendment right to confrontation based on allegations that his attorney refused to call a witness at trial to contest her testimony and instead stipulated to what the government asserted that she would say. The court relied on *Mayle v. Felix*, 545 U.S. 644 (2005), when it rejected Defendant's motions to amend:

> This court can discern no significant difference between the unavailing facts proffered in *Mayle* and the facts asserted by Defendant. Indeed, a closer match on the facts is difficult to imagine. The Supreme Court's determination in *Mayle* will be the court's determination in this case as well. Defendant's new alleged violation of the Sixth Amendment constitutes "a new ground of relief supported by facts that differ in both time and type from those the original pleading set forth." The new claim therefore does not relate back to his original petition.

(2/13/06 Order at 7 (citation omitted).)

The court is confident that the above-quoted analysis in correct. The court is not persuaded that jurists of reason would find it debatable whether Defendant should have been allowed to amend his petition to include his new and unrelated Sixth Amendment confrontation claim. A reasonable jurist could not conclude that the district court erred in denying the amendment.

### III.  CONCLUSION

IT IS ORDERED that the a certificate of appealability is DENIED.

                     S/Robert H. Cleland
                     ROBERT H. CLELAND
                     UNITED STATES DISTRICT JUDGE

Dated: November 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2006, by electronic and/or ordinary mail.

                     S/Lisa Wagner
                     Case Manager and Deputy Clerk
                     (313) 234-5522