**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

              v.                        Case No. 99-CR-80425-DT-02
                                        Case No. 04-CV-71270-DT

ANTHONY MAZZIO,

      Defendant.

_____/

**ORDER CLOSING CASE IN LIEU OF JUDGMENT**

The court has received the May 18, 2007 order of the United States Court of

Appeals for the Sixth Circuit, which dismissed appeal numbers 06-1513 and 07-1223 in

which the court commented that:

> [T]he district court's decision denying the § 2255 motion to vacate was
> entered on December 1, 2006.  The district court's docket sheet does not
> reflect that the petitioner has appealed that decision.  The time for filing a
> notice of appeal has not yet expired because the district court failed to
> enter a separate judgment as required by Fed. R. Civ. P. 58(a)(1).  *See*
> Fed. R. App. P. 4(a)(7)(A)(ii).

(5/18/07 Order at 2.)

Rule 58 requires that  "[e]very judgment and amended judgment must be set

forth on a separate document,"  Fed. R. Civ. P. 58(a)(1), excepting orders disposing of

motions (1) for judgment under Rule 50(b), (2) to amend or make additional findings of

fact under Rule 52(b), (3) for attorney fees under Rule 54, (4) for a new trial, or to alter

or amend the judgment, under Rule 59, or (5) for relief under Rule 60. Fed. R. Civ. P.

58(a)(1)(A-E).  The "sole purpose" of the separate document requirement of Rule 58 is

to avoid inequities by clarifying for litigants when the time for appeal under 28 U.S.C. § 2107 begins to run. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978). It is obvious that Rule 58 does not apply to *every* order a district court might issue.

A § 2255 petition is presented as a motion in the existing criminal case. Although it might be viewed as a logical counterpart of the motions specifically listed in Rule 58 –and therefore not susceptible to the entry of a Rule 58 "judgment"– it remains true that for administrative purposes the clerk of the court assigns a new civil case number. The court shall dispose of the motion with this separate "order closing case in lieu of judgment." A separate closing order in this form appears to meet the purposes of Rule 58 as interpreted by the Sixth Circuit. Accordingly,

Pursuant to the court's order entered on December 1, 2006, in which the issues in controversy were resolved, the instant matter is closed with finality. This order constitutes the "separate document" required by Fed. R. Civ. P. 58(a)(1).

IT IS ORDERED that the Clerk of the Court close the above-captioned cases.


          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: June 4, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 4, 2007, by electronic and/or ordinary mail.


          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522