**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA

     Plaintiff,


v.                                 Case No. 99-CR-80425-DT-02
                                         Case No. 04-CV-71270-DT


ANTHONY MAZZIO,

     Defendant,

_____/

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF**
**APPEALABILITY FOR THE COURT'S NOVEMBER 30, 2006 OPINION AND ORDER**

     On July 9, 2007, Defendant filed a notice of appeal of this court's November 30,

2006[1] opinion and order denying his motion to vacate, set aside or correct his sentence.

For the reasons stated below, the court will deny a certificate of appealability ("COA").

On May 18, 2007, the Sixth Circuit dismissed two appeals by Defendant and noted that

the time to appeal had not yet run on the instant order under consideration. *Mazzio v.*

*United States*, Nos. 06-1513 and 07-1223 (6th Cir., May 18, 2007).

**I. STANDARD OF REVIEW**

     Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c)(1)(B) state

that an appeal from a final order in a § 2255 proceeding may not be taken unless a

COA is issued either by a circuit court or district court judge.  If an appeal is taken by

---

     [1]The docket indicates a filing date of November 30, 2006, whereas Defendant
claims the order is dated December 1, 2006.

1

the petitioner, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. Fed. R. App. P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

In order to obtain a certificate of appealability, the petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). The Supreme Court's holding in *Slack* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* The petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition. *Id.* at 338. However, "the issuance of a COA must not be *pro forma* or a matter of course" and a petitioner who seeks the issuance of a COA must show more than the absence of

frivolity or the presence of good faith on his or her part in order to obtain a COA. *Id.* at 337-38. Therefore, the mere fact that the petitioner claims that his appeal is not frivolous and is being undertaken in good faith would not entitle him to a certificate of appealability. *Miller-El,* 537 U.S. at 338; *United States v. Mikels,* 236 F.3d 550, 551 (9th Cir. 2001); *Lohr v. United States,* 336 F. Supp. 2d 930, 932 (D. Minn. 2004).

## II. DISCUSSION

No appeal is warranted in this case. Defendant's newest claim of ineffective assistance of counsel was properly denied. Reasonable jurists could not debate whether, or agree that, the motion should have been resolved in a different manner. *Slack*, 529 U.S. at 483-84. Nor did Defendant present issues that were adequate to deserve encouragement to proceed further. *Id.* As is apparent from the court's November 30, 2006 order (and its lengthier appendix, the court's April 27, 2001 order denying a new trial), Defendant's lack of credibility is chronic, resulting in a pattern of lying that is designed to manufacture grounds for his early release from confinement. For this reason, the court denied an evidentiary hearing to further examine Defendant's latest allegations. "An evidentiary hearing would constitute an unnecessary expenditure of the court's time, a great deal of which has already been consumed listening to, evaluating and rejecting Petitioner's earlier claims of ineffective assistance." (11/30/06 Order at 8.)

Further, in denying Defendant's Section 2255 claim on the merits, the court stressed that Petitioner's claim that his counsel had a financial motive to avoid a plea for a lesser sentence and go to trial would fail even without Defendant's utter lack of credibility. Defendant "presents no sworn statement of his own, no contract for

3

services, no receipts and no other evidence to support his bald assertion . . . ." (*Id.* at 9.)  The court did have a sworn statement from the attorney regarding the fee arrangement, which the court concluded was credible.  (*Id.* at 4-5.)  Finally, the court outlined several reasons for its conclusion that Defendant could not satisfy the prejudice requirement of *Strickland v. Washington*, 466 U.S. 688, 687 (1984).  (11/30/06 Order at 9-12.)  Because Defendant has not made a substantial showing of denial of a constitutional right, 28 U.S.C. § 2253(c)(2), the court will deny a certificate of appealability.  Reasonable jurists would not find this conclusion debatable or wrong.

### III.  CONCLUSION

IT IS ORDERED that the court DECLINES to issue a certificate of appealability.


_S/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 7, 2007, by electronic and/or ordinary mail.


_S/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522